Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4215 | **DATE** | June 15, 2012 |
| **CASE TITLE** | Ashoor Rasho (#B-38970) v. Marcus Hardy. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted and the initial partial filing fee is waived. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at Pontiac Correctional Center. However, summonses shall not issue at this time. The Court grants Plaintiff's motion for appointment of counsel and appoints Therese Lynn Tully, Scandaglia &Ryan, 55 East Monroe Street, Suite 3440, Chicago, IL 60603, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should notify the Court within sixty days if she wishes to proceed with the complaint on file or she intends to file an amended complaint. If counsel is unable to file an amended complaint, she should so inform the Court.

■ **[For further details see text below.]**    **Docketing to mail notices.**

## STATEMENT

Plaintiff, Ashoor Rasho, presently in state custody at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was transferred from Pontiac Correctional Center to Stateville Correctional Center on March 22, 2011, and expressed concern to Defendant Hardy about his safety. Plaintiff told Defendant Hardy that he was in danger of attack from member of the Latin Kings street gang. Plaintiff alleges that after he notified Defendant Hardy of his concerns, Hardy did nothing, and then, on May 3, 2011, and again on June 12, 2011, Plaintiff was attacked by other inmates, and suffered injury.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Pontiac Correctional Center shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court finds that Plaintiff has alleged a valid claim for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Due to the nature of Plaintiff's allegations, the Court hereby appoints Therese Lynn Tully, Scandaglia &Ryan, 55 East Monroe Street, Suite 3440, Chicago, IL 60603, to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, appointed counsel should notify the Court within sixty days if she wishes to proceed with the complaint on file or she intends to file an amended complaint. If counsel is unable to file an amended complaint, she should so inform the Court.